1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                         SOUTHERN DIVISION
11                     September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 12- |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 841(a)(1): Distribution and Dispensing of a Controlled Substance; 21 U.S.C. § 859: Distribution of a Controlled Substance to Person Under 21 Years of Age; 21 U.S.C. § 853(a): Criminal Forfeiture of Property; 18 U.S.C. § 2(b): Causing an Act to Be Done] |
| JULIO GABRIEL DIAZ, | |
| Defendant. | |

   The Grand Jury charges:

                    COUNTS ONE THROUGH THREE
       [21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

   1.   On or about the following dates, in Santa Barbara County, within the Central District of California, defendant JULIO GABRIEL DIAZ, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional

distribution and dispensing of, the following pills containing a detectable amount of oxycodone, a Schedule II narcotic drug controlled substance, to the following person:

| Count | Date | Number of Pills | Person |
|---|---|---|---|
| 1 | 07/09/10 | 70 | C.A. |
| 2 | 11/15/10 | 30 | C.A. |
| 3 | 11/16/10 | 240 | C.A. |

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

2.  On or about the following date, in Santa Barbara County, within the Central District of California, defendant JULIO GABRIEL DIAZ, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional distribution and dispensing of, the following pills containing a detectable amount of methadone, a Schedule II narcotic drug controlled substance, to the following person:

| Count | Date | Number of Pills | Person |
|---|---|---|---|
| 4 | 11/15/10 | 60 | C.A. |

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(E); 18 U.S.C. § 2(b)]

3. On or about the following date, in Santa Barbara County, within the Central District of California, defendant JULIO GABRIEL DIAZ, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional distribution and dispensing of, the following pills containing a detectable amount of hydrocodone, a Schedule III narcotic drug controlled substance, to the following persons:

| Count | Date | Number of Pills | Person |
|---|---|---|---|
| 5 | 11/15/10 | 240 | C.A. |

## COUNTS SIX AND SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(2); 18 U.S.C. § 2(b)]

4.  On or about the following dates, in Santa Barbara County, within the Central District of California, defendant JULIO GABRIEL DIAZ, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional distribution and dispensing of, the following pills containing a detectable amount of alprazolam, a Schedule IV controlled substance, to the following person:

| Count | Date     | Number of Pills | Person |
|-------|----------|-----------------|--------|
| 6     | 11/15/10 | 45              | C.A.   |
| 7     | 11/22/10 | 45              | C.A.   |

COUNTS EIGHT THROUGH TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), (b)(2); 21 U.S.C. § 859; 18 U.S.C. § 2(b)]

5.  On or about the following dates, in Santa Barbara and Orange Counties, within the Central District of California, defendant JULIO GABRIEL DIAZ, then at least eighteen years of age and a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional distribution and dispensing of, the following pills containing a detectable amount of the following Schedule II, III, and IV controlled substances to the following person who was then under 21 years of age:

| Count | Date | Controlled Substance | Number of Pills | Person | Age |
|---|---|---|---|---|---|
| 8 | 11/25/08 | Oxycodone | 60 | C.S. | 19 |
| 9 | 11/25/08 | Hydromorphone | 90 | C.S. | 19 |
| 10 | 11/25/08 | Alprazolam | 60 | C.S. | 19 |
| 11 | 04/20/09 | Alprazolam | 100 | C.S. | 19 |
| 12 | 09/10/09 | Oxycodone | 180 | C.S. | 20 |

FORFEITURE NOTICE

[21 U.S.C. § 853(a)]

6. The allegations contained in Counts One through Twelve of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging criminal forfeiture pursuant to the provisions of Title 21, United States Code, Section 853. Pursuant to Fed. R. Crim. P. 32.2 and Title 21, United States Code, Section 853, defendant JULIO GABRIEL DIAZ, if convicted of one or more offenses charged in Counts One through Twelve of the Indictment, shall forfeit to the United States of America the following property:

a. All right, title, and interest in --

i. any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any of the offenses described in Counts One through Twelve; and

ii. any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any of the offenses described in Counts One through Twelve;

b. A sum of money equal to the total value of the property described in paragraph 6(a).

7. Pursuant to Title 21, United States Code, Section 853(p), defendant DIAZ shall forfeit substitute property, up to the value of the total amount described in paragraph 6(a), if, as

the result of any act or omission of said defendant, said property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

DOUGLAS F. McCORMICK
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

ANN LUOTTO WOLF
Assistant United States Attorney